UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINFO IP, LLC,

                Plaintiff,

        -v-

AERO GLOBAL, LLC,

                Defendant.

24-CV-2952 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Linfo IP, LLC ("Linfo") brings this patent infringement case against Defendant Aero Global, LLC, alleging infringement of U.S. Patent No. 9,092,428 (the "'428 Patent"). (ECF No. 1.)  On October 30, 2024, Defendant moved for judgment on the pleadings, arguing that the '428 Patent is invalid.  (ECF No. 32; *see* ECF No. 33.)

    On January 3, 2025, in another patent infringement case brought by Linfo, Judge Furman held the '428 Patent to be invalid.  *Linfo IP, LLC v. Trustpilot, Inc.*, 761 F. Supp. 3d 679, 686 (S.D.N.Y. 2025).  As Plaintiff acknowledges, "[t]he invalidation of the [']428 Patent on January 3, 2025 . . . has preclusive effect."  (ECF No. 48.)  "The Supreme Court has held that a defense of issue preclusion applies where a party is 'facing a charge of infringement of a patent that has once been declared invalid,' even though the party asserting the defense was not a party to the action where the patent was invalidated."  *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1315 (Fed. Cir. 2015) (quoting *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 349-50 (1971)).

    Issue preclusion applies when "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was

necessary to support a valid and final judgment on the merits." *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013).  Here, the two cases rest on the identical issue of the '428 Patent's validity; Judge Furman decided the issue in granting a motion to dismiss; and Linfo had a full and fair opportunity to litigate it in the prior action.  Therefore, Linfo is collaterally estopped from asserting infringement of the '428 Patent here.

Even if preclusion did not apply, Defendant's motion would be granted on the merits for the reasons stated in Judge Furman's opinion.  The Court agrees with and adopts Judge Furman's reasoning and his conclusion that "the '428 Patent's claims are directed to the abstract idea of extracting and presenting information," and "claim 1 of the Patent, which is representative, does not add an inventive concept to that abstract idea," rendering the claims ineligible for patent protection.  *Linfo IP, LLC*, 761 F. Supp. 3d at 686.

For the foregoing reasons, Defendant's motion for judgment on the pleadings is GRANTED.

The Clerk of Court is directed to terminate the motion at Docket Numbers 32, to enter judgment dismissing Plaintiff's claims with prejudice, and to close this case.

SO ORDERED.

Dated: July 9, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge