UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINFO IP, LLC,<br><br>         Plaintiff,<br><br>    -v-<br><br>AERO GLOBAL, LLC,<br><br>         Defendant. | 24-CV-2952 (JPO)<br><br>OPINION AND ORDER |

J. PAUL OETKEN, District Judge:

In this case, Plaintiff Linfo IP, LLC asserted patent infringement claims against Defendant Aero Global, LLC, all of which were eventually dismissed on the pleadings. (ECF Nos. 1, 53.) Now before the Court is Defendant's motion for attorney's fees under 35 U.S.C. § 285, 28 U.S.C § 1927, and the Court's inherent authority. For the reasons that follow, Defendant's motion is granted in part and denied in part.

I.  **Background**

  A.  **Procedural History**

On April 18, 2024, Plaintiff Linfo IP, LLC ("Linfo"), represented by William P. Ramey III and Ramey LLP, brought this patent infringement case against American Exchange Apparel Group, Corp., alleging infringement of U.S. Patent No. 9,092,428 (the "'428 Patent"). (ECF No. 1.) Linfo later substituted American Exchange Apparel Group, Corp. with Defendant Aero Global, LLC ("Aero Global").[1] (ECF Nos. 10, 16.) Broadly speaking, the '428 Patent is "[a] system with methods and user interface for discovering and presenting information in text

---

[1] The case caption currently reads "Linfo IP, LLC v. American Exchange Apparel Group, Corp." Because the defendant has since been substituted for a different party, the Clerk of Court is directed to amend the case caption to "Linfo IP, LLC v. Aero Global, LLC."

content with different view formats." (ECF No. 1-1 ("Patent") at 2.) This patented system would allow a user to sort through online hotel reviews, for example, by toggling a button to show only positive comments, or only comments related to room service. (*Id.* at 17.) The '428 Patent was issued by the U.S. Patent and Trademark Office on July 28, 2015. (*Id.* at 1.) Linfo owns the '428 Patent by assignment. (ECF No. 1 ¶ 6.)

Linfo alleges that the online reviews function for the retailer Aerosoles, which is owned by Aero Global, infringes the '428 Patent. (ECF No. 1-2.) One week after filing its complaint against Aero Global, Linfo contacted Aero Global to propose an early-stage settlement of $49,000, which Aero Global did not accept. (ECF No. 56-2.) Subsequently, on January 3, 2025, Judge Furman held in another patent infringement case brought by Linfo that the '428 Patent is invalid. *See Linfo IP, LLC v. Trustpilot, Inc.*, 761 F. Supp. 3d 679, 686 (S.D.N.Y. 2025). After Aero Global notified this Court of that decision, Linfo sought to dismiss the case without prejudice (ECF No. 45), which Aero Global opposed (ECF No. 46); Linfo then changed its mind and requested a stay pending appeal of Judge Furman's opinion (ECF No. 48). This Court denied both motions. (ECF No. 52.) About two months later, Linfo contacted Aero Global to propose that the parties "agree to [] walk away to close the matter." (ECF No. 56-3 at 1.) Aero Global responded that it would "agree to a dismissal if Plaintiff reimburses it for its fees incurred." (*Id.*) Linfo did not respond to this message. On July 9, 2025, this Court concluded that Linfo is collaterally estopped from asserting infringement of the '428 Patent and granted Aero Global's motion for judgment on the pleadings on that basis. (ECF No. 53.)

Now, Aero Global seeks attorney's fees under 35 U.S.C. § 285, 28 U.S.C § 1927, and the Court's inherent authority, on the ground that Linfo brought this case not because it had

substantive merit, but "for the sole purpose of forcing a nuisance-value settlement." (ECF No. 56 ("Mem.") at 17.) Linfo opposes the motion. (ECF No. 66 ("Opp.").)

**B.    Linfo and Mr. Ramey's Litigation History**

According to Aero Global, Linfo "has asserted its '428 Patent in nearly 80 cases filed in 11 courts over the last four years," almost none of which have reached the merits.[2] (Mem. at 8.) Linfo does not dispute this point in its briefing. Linfo's counsel, Mr. Ramey, has also been sanctioned under 35 U.S.C. § 285 and 28 U.S.C § 1927 for improper litigation conduct in a slew of patent cases by nearly ten district courts across the country, including for bringing "frivolous suit[s]" against companies "to force a modest settlement . . . on the assumption that the [company] will prefer to capitulate than fight back." *EscapeX IP LLC v. Google LLC*, No. 22-CV-08711, 2023 WL 5257691 (N.D. Cal. Aug. 16, 2023), at *2; *see also AML IP, LLC v. Aero Global, LLC*, No. 23-CV-11264, 2025 WL 2673691, at *3-4 (S.D.N.Y. Sept. 18, 2025) (collecting cases). Indeed, Mr. Ramey's litigation conduct—and the criticism it has garnered—has been the subject of extensive reporting.[3]

**II.    Legal Standards**

**A.    35 U.S.C. § 285**

As a general rule, in the American legal system, each party to a lawsuit bears its own expenses, whether or not that party ultimately prevails. One exception is Section 285 of the

---

[2] *See* Unified Patents, Patent Infringement Cases Asserting U.S. Patent No. 9,092,428 by Plaintiff Linfo IP, LLC, https://perma.cc/FVK7-WU36.

[3] *See, e.g.*, Lauren Castle, *Lawyer Big Tech Loves to Hate Wears Backlash as 'Badge of Honor,'* Bloomberg Law (Feb. 24, 2025, 5:00 AM EST), https://perma.cc/2Z4N-HXSS; Lauren Castle & Annelise Levy, *Ramey, Lawyers Sanctioned for 'Truly Extraordinary' Conduct*, Bloomberg Law (Mar. 26, 2025, 6:12 PM EDT), https://perma.cc/HA4L-AVJ9; David Thomas, *Legal Fee Tracker: Sanctions pile up for Texas patent lawyer*, Reuters (Aug. 22, 2024, 1:33 PM EDT), https://perma.cc/Y63R-AVRH.

Patent Act, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

There is no hard-and-fast rule for what qualifies as an "exceptional case." The Supreme Court has described an "exceptional case" under § 285 as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances," including factors like "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 & n.6 (quotation marks omitted). "[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." *SFA Sys., LLC v. Newegg, Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015).

Crucially, "sanctionable conduct is not the appropriate benchmark" for determining whether attorney's fees are warranted under § 285. *Octane Fitness, LLC*, 572 U.S. at 555. Rather, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* Patent litigants are required to establish their entitlement to fees under § 285 by a preponderance of the evidence. *Id.* at 557-58.

4

### B.    28 U.S.C. § 1927 and the Court's Inherent Authority

Aero Global also moves for sanctions under 28 U.S.C. § 1927.  Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Sanctions under this provision are warranted only if "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, i.e., motivated by improper purposes such as harassment or delay." *Prospect Cap. Corp. v. Enmon*, No. 8-CV-3721, 2010 WL 907956, at *4 (S.D.N.Y. Mar. 9, 2010) (quoting *Schlaifer Nance & Co., Inc. v. Est. of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)).

"A claim is colorable when it reasonably *might* be successful, while a claim lacks a colorable basis when it is utterly devoid of a legal or factual basis." *Est. of Warhol*, 194 F.3d at 337.  The second requirement, bad faith, may be inferred from completely meritless actions.  *See Salovaara v. Eckert*, 222 F.3d 19, 35 (2d Cir. 2000) ("[B]ad faith may be inferred [under § 1927] only if [the attorney's] actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." (quotation marks omitted)).  "Awards pursuant to [§ 1927] may be imposed only against the attorney, not the client." *Craig v. UMG Recordings, Inc.*, 380 F. Supp. 3d 324, 338 (S.D.N.Y. 2019).

Courts also retain inherent authority to sanction parties and attorneys who have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F.D. Rich Co. v. U.S. ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974).  The standard for whether a district court should impose sanctions under its inherent authority is the same as that under § 1927.  *See Craig*, 380 F. Supp. 3d at 339.

### III.    Discussion

####    A.    35 U.S.C. § 285

Neither party disputes that Aero Global is the "prevailing party" in this case pursuant to

35 U.S.C. § 285.  Thus, the Court considers whether this case qualifies as "exceptional" such that

Aero Global is entitled to attorney's fees.  Aero Global argues that this case is exceptional for at

least three reasons: because (1) "the asserted '428 Patent was objectively ineligible under [35

U.S.C.] § 101 and no reasonable litigant (or attorney) could have believed otherwise"; (2) Linfo

insufficiently pleaded willful, contributory, and induced patent infringement; and (3) Linfo and

its counsel, Mr. Ramey, have a long history of filing meritless claims for the purpose of

extracting nuisance-value settlements from opposing parties.  (Mem. at 12.)

####    1.    Validity of the '428 Patent

Aero Global contends that the'428 Patent was objectively invalid under 35 U.S.C. § 101

and the Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S.

208 (2014).  35 U.S.C. § 101 authorizes inventors to patent "any new and useful process,

machine, manufacture, or composition of matter, or any new and useful improvement thereof."

In 2014, the Supreme Court laid out in *Alice* a two-step inquiry for determining whether patent

claims are invalid under § 101.  First, courts must "determine whether the claims at issue are

directed to a patent-ineligible concepts."  *Alice*, 573 U.S. at 217.  *Alice* clarified that "abstract

ideas are not patentable."  *Id.* at 216 (quotation marks omitted).  Second, courts "must examine

the elements of the claim to determine whether it contains an inventive concept sufficient to

transform the claimed abstract idea into a patent-eligible application."  *Id.* at 221 (quotation

marks omitted).

Aero Global is correct that the '428 Patent is objectively invalid.  A litany of cases published after *Alice* should have made clear to Linfo and its counsel that the '428 Patent was directed precisely to the kind of abstract concept that *Alice* deemed unpatentable.  *See, e.g.*, *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (stating that patent claims focused on "collecting information, analyzing it, and displaying certain results of the collection and analysis" represent "a familiar class of claims 'directed to' a patent-ineligible concept"); *Intell. Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1340 (Fed. Cir. 2017) (characterizing "collecting, displaying, and manipulating data" as an "abstract idea"); *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1168 (Fed. Cir. 2018) (describing "the selection and mathematical analysis of information, followed by reporting or display of the results" as "wholly abstract ideas").  As Judge Furman recognized, the '428 Patent—which "provides users with interface objects to act on [] discovered information, such as extracting, displaying or hiding, or highlighting or un-highlighting words or phrases in a text content as needed to aid information handling" (Patent at 17)—"falls squarely within this well-established category of abstract ideas." *Linfo IP, LLC*, 761 F. Supp. 3d at 687.

It is equally obvious that, pursuant to step two of the *Alice* inquiry, the '428 Patent contained no "inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application."  *Alice*, 573 U.S. at 221 (quotation marks omitted).  Linfo argues that the inventive concept featured in the '428 Patent "is an actionable user interface object that is a tool for discovering and presenting information in text content with different view formats on a user interface."  (ECF No. 36 at 9.)  But "[o]ffering a user the ability to select information to be displayed is one of the most basic functions of a computer," and therefore "does not amount to an inventive concept."  *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1347-48 (Fed. Cir.

2018) (quotation marks omitted).  Indeed, as Judge Furman stated, "to recite Linfo's own description of the user interface object is to show that it lacks an inventive concept." *Linfo IP, LLC*, 761 F. Supp. 3d at 689.

Linfo responds that the patent was issued after the *Alice* decision, and so it was reasonable to assume that the patent examiner already considered *Alice* as part of its decision-making process.  (Opp. at 16.)  But there is no evidence that the U.S. Patent and Trademark Office evaluated whether the '428 Patent covered patent-eligible subject matter.  (Mem. at 9 n.3.) And more importantly, several cases postdating the patent's issuance, including many of the cases outlined above, invalidated under § 101 patent claims that were substantially similar to the ones asserted here by Linfo.  "It was [Linfo]'s responsibility to reassess its case in view of new controlling law." *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1379 (Fed. Cir. 2017).

Linfo additionally contends that it was reasonable for it to continue its patent infringement "litigation campaign" because it had received "a favorable Markman ruling" on the '428 Patent and had litigated against other defendants "who have not filed § 101 challenges" or "who have dropped those challenges."  (Opp. at 13.)  But the judicial construction of a patent claim after a *Markman* hearing says little about whether that claim is eligible under § 101, given that claim construction and patent eligibility are distinct inquiries.  *See Realtime Tracker, Inc. v. RELX, Inc.*, 659 F. Supp. 3d 384, 401 (S.D.N.Y. 2023) ("Claim construction is not an inviolable prerequisite to a validity determination under § 101." (quotation marks omitted)), *aff'd*, No. 2023-1756, 2024 WL 4746162 (Fed. Cir. Nov. 12, 2024).  Moreover, Linfo's responsibility to reevaluate its cases in light of new case law, *see Inventor Holdings, LLC*, 876 F.3d at 1379,

demands more than simply deducing the strength of its legal arguments from the behavior of opposing counsel.[4]

### 2.    Merits of Linfo's Patent Infringement Claims

Aero Global contends that Linfo "recklessly lobb[ed] claims of willful, contributory, and induced infringement without pleading multiple elements of these causes of action." (Mem. at 13.) The record supports this claim. In its complaint, Linfo cursorily alleges that Aero Global "has and continues to induce infringement" and "to contributorily infringe" by "actively encourag[ing] or instruct[ing] others . . . on how to use its products and services . . . such as to cause infringement." (ECF No. 1 ¶¶ 10-11.) After Aero Global pointed out the conclusory nature of these allegations in its motion for judgment on the pleadings, Linfo asserted in response that "discovery will demonstrate [and] reveal that Defendant's pre-suit infringement was willful" and that Aero Global engaged in contributory and induced infringement by providing its allegedly infringing website to its customers. (ECF No. 36 at 18-19.)

These pleadings are deficient on their face. Linfo does not make any allegations that are non-conclusory; nor does it even attempt to plead the elements required for each claim. (ECF No. 1 ¶¶ 10-12; *see* ECF No. 33 at 31-33.) Linfo's failure to properly plead these causes of action is especially noteworthy given its extensive history of litigating this very patent: Linfo has asserted the '428 Patent in nearly eighty cases in the past four years alone. (Mem. at 8.) Linfo's manifest failure to plead plausible willful, contributory, and induced patent infringement

---

[4] Nor do Linfo's lengthy declarations attesting to Ramey LLP's pre-suit investigations alter this outcome: None of the declarations suggest that any lawyers considered whether the '428 Patent was valid under § 101 and *Alice*, which is a prerequisite for any infringement claim. (ECF Nos. 66-1, 66-2, 66-3.)

claims at this juncture only lends additional support for the conclusion that this case is "exceptional" under § 285.

### 3.    Linfo and Mr. Ramey's Litigation History

Aero Global argues that this case is part of an extensive litigation campaign, by both Linfo and Mr. Ramey, to extract nuisance-value settlements from defendants by bringing frivolous lawsuits. (Mem. at 16-17.) Moreover, Aero Global contends, because Linfo is a non-practicing entity and is therefore immune to counterclaims, attorney's fees are "perhaps the only mechanism by which to deter Linfo's conduct." (*Id*. at 18.)

This Court agrees. There are several indicia suggesting that Linfo and its counsel brought this case to induce settlement rather than to reach the merits. Linfo has asserted the '428 Patent nearly eighty times across eleven courts in the past four years alone, with nearly none of those cases reaching the merits. (*Id*. at 8.) Linfo's counsel, Mr. Ramey, has also been sanctioned repeatedly by numerous courts for, among other things, bringing frivolous lawsuits for the purpose of incentivizing early-stage settlement. *See AML IP, LLC*, 2025 WL 2673691, at *3-5. It is also difficult to overlook the substantive weakness of Linfo's claims in this case: As detailed above, the '428 Patent is objectively ineligible, and Linfo appears to have made little effort to develop its willful, induced, and contributory infringement claims. Despite the frailty of its arguments, Linfo nevertheless presented Aero Global with an early-stage settlement offer just one week after filing its complaint. (ECF No. 56-2.)

"[A] pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." *SFA Sys., LLC*, 793 F.3d at 1350. And though it is true "that it is not improper for a

patentee to vigorously enforce its patent rights or offer standard licensing terms," it is also true that "the appetite for licensing revenue cannot overpower a litigant's and its counsel's obligation to file cases reasonably based in law and fact and to litigate those cases in good faith." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2011). Linfo's practice of vigorously asserting the '428 Patent while virtually never reaching the merits, Mr. Ramey's long history of litigation abuses, and the obvious infirmity of Linfo's claims in this case only serve to reinforce this Court's conclusion that an award of attorney's fees is warranted under § 285.

> ### B.    28 U.S.C. § 1927 and the Court's Inherent Authority

Aero Global also asks this Court to impose sanctions against Linfo under 28 U.S.C. § 1927 and the Court's inherent authority. (Mem. at 21.) "In practice, the only meaningful difference between an award made under § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both." *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138, 144 (2d Cir. 2012) (quotation marks omitted). To impose sanctions under either § 1927 or the Court's inherent authority, "a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018) (citation and quotation marks omitted). Both conclusions "must be supported by a high degree of specificity in the factual findings." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009).

### 1.    Colorable Basis of Linfo's Claims

This Court has concluded above that the '428 Patent is objectively ineligible under 35 U.S.C. § 101, *Alice*, and a wall of post-*Alice* precedent.  Linfo's claims for willful, induced, and contributory infringement are also deficient on their face.  Accordingly, Linfo's claims are "utterly devoid of a legal or factual basis," *Est. of Warhol*, 194 F.3d at 337, and therefore "entirely without color," *Huebner*, 897 F.3d at 55 (quotation marks omitted).

### 2.    Bad Faith

Several facts support the inference that Linfo and Mr. Ramey brought this lawsuit as part of a broader strategy of leveraging the burdens of litigation to extract nuisance-value settlements from defendants.  This includes Linfo's repeated assertions of the '428 Patent over the past four years—almost none of which reached the merits—as well as the manifest weakness of the claims Linfo presses here.  Troubling, too, is Mr. Ramey's long history of questionable litigation conduct.  *See, e.g.*, *EscapeX IP, LLC v. Google LLC*, No. 23-CV-10839, 2025 WL 893739, at *10 (S.D.N.Y. Mar. 24, 2025); *AML IP, LLC*, 2025 WL 2673691, at *3-4 (collecting cases).  Indeed, as other courts have noted, Mr. Ramey's "approach to the practice of law is no secret to those in the patent litigation community—[his] firm files multitudes of lawsuits on behalf of patent assertion entities and typically settles them quickly for relatively low value amounts." *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24-CV-03089, 2025 WL 917110, at *7 (N.D. Cal. Mar. 26, 2025).

Even so, these facts do not evince "clear evidence" of bad faith.  *Huebner*, 897 F.3d at 55 (quotation marks omitted).  "[I]n the Second Circuit, '28 U.S.C. § 1927 requires subjective bad faith of counsel,' not objective unreasonableness."  *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 834 (Fed. Cir. 2010) (brackets omitted) (quoting *MacDraw, Inc.*

*v. CIT Grp. Equip. Fin., Inc.*, 73 F.3d 1253, 1262 (2d Cir. 1996)).  And though several features of this case are consistent with bad faith litigation, the record does not contain clear indicia of Mr. Ramey's subjective intent sufficient to warrant the imposition of sanctions under § 1927 and the Court's inherent authority.  Moreover, though Patent '428 was objectively ineligible under controlling case law, it was not conclusively held to be invalid by Judge Furman until after this case was filed, which weakens any inference of subjective bad faith.  *Cf. AML IP, LLC*, 2025 WL 2673691, at *11 (declining to award sanctions under § 1927 and the Court's inherent authority in part because the patent at issue was not invalidated until after the case was filed); *see also Mone v. Comm'r*, 774 F.2d 570, 574 (2d Cir. 1985) ("[28 U.S.C. § 1927] should be construed narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." (quotation marks omitted)).

Because the record is too sparse to contain clear evidence of Mr. Ramey's subjective intent, Aero Global's motion to hold Linfo's counsel jointly and severally liable under § 1927 or the Court's inherent power is denied.

## IV.    Conclusion

For the foregoing reasons, Aero Global's motion for attorney's fees pursuant to 35 U.S.C. § 285 is GRANTED.  Aero Global's motion for attorney's fees pursuant to 28 U.S.C. § 1927 and the Court's inherent authority is DENIED.

Aero Global shall submit a complete justification for the fees it seeks, by no later than three weeks from the publication of this order, including justification for the rates charged and the time spent, organized to facilitate the Court's review and adjustment of the requested fees. Linfo shall file its objections, if any, to Aero Global's submission, by no later than two weeks

from the date of Aero Global's submission.  Aero Global may file a response to Linfo's

objections, if any, by no later than one week from the date of Linfo's objections, if any.

      The Clerk of Court is respectfully requested to terminate the motion at ECF No. 55 and

amend the case caption to "Linfo IP, LLC v. Aero Global, LLC."

      SO ORDERED.

Dated: October 15, 2025
       New York, New York

                        J. PAUL OETKEN
                 United States District Judge